UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORDAN MARTINEZ, on behalf of himself and all other
persons similarly situated,

                    Plaintiff,                            **COMPLAINT**

  -against-

ELEGANTE SERVICESS INC., JOSE VILORIA and
ANGELA A. PRATTS,

                    Defendant.
------------------------------------------------------------------------X

Plaintiff, JORDAN MARTINEZ ("Plaintiff"), by and through his attorneys, the Romero Law Group PLLC, on behalf of himself and all other persons similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants, ELEGANTE SERVICES INC., JOSE VILORIA and ANGELA A. PRATTS ("Defendants"), on behalf of himself and all other persons similarly situated, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

2. Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

3. Plaintiff also brings this action on behalf of himself and similarly situated current and former employees of Defendant, ELEGANTE SERVICES INC., pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid regular wages, unpaid overtime wages, and statutory damages under the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

1

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391

6. Defendant does business within the Southern District of New York and maintains a place of business at 1401 Webster Avenue, Bronx, New York.

## PARTIES

7. At all relevant times herein, Plaintiff was an "employee" entitled to protection under the FLSA.

8. Defendant is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

9. Defendant is an "employer" within the meaning of the FLSA. Defendant's annual revenue exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA as it runs a business that is open to the general public, and also routinely purchases equipment and supplies that originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are individually engaged in interstate commerce, as they handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

10. Defendant, JOSEPH VILORIA, is and/or was an officer or owner of ELEGANTE SERVICES INC., had authority to make payroll and personnel decisions for the corporation, was active in the day to day management of the corporate defendant, including the payment of wages

to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages he seeks to recover.

11. Defendant, ANGELA A. PRATTS, is and/or was an officer or owner of ELEGANTE SERVICES INC., had authority to make payroll and personnel decisions for the corporation, was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages he seeks to recover.

## FACTUAL ALLEGATIONS

12. Defendant provides non-emergency medical transportation services.

13. Plaintiff has worked for Defendant as a non-exempt, hourly-paid medical transportation driver operator. Plaintiff's regular rate of pay was $18.50 per hour.

14. Throughout Plaintiff's entire period of employment, Defendant required Plaintiff to work, and Plaintiff did in fact work, more than forty hours per week, all for Defendant's benefit.

15. Defendant failed to pay Plaintiff overtime at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours per week in violation of the FLSA and NYLL.

16. Plaintiff regularly worked Monday through Saturday, six days each workweek. Plaintiff began work at 4:00 a.m. three days each workweek and at 6:00 a.m. or 7:00 a.m. the other three days each workweek. The time that Plaintiff finished work varied from workday to workday. Plaintiff regularly finished working between 6:00 p.m. and 8:00 p.m.

17. During his employment with Defendant, Plaintiff almost never received an uninterrupted meal break. Defendant regularly deducted 4 to 6 hours from Plaintiff's weekly

earnings for meal breaks that he did not receive pursuant to its company-wide payroll practice and procedure of automatically deducting for meal breaks regardless of whether or not employees actually receive a meal break.

18. As a result of the foregoing, Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked after 40 hours each workweek in violation of the FLSA and NYLL.

19. As a result of the foregoing, Defendant failed to pay Plaintiff for all hours worked each week in accordance with his agreed upon rate in violation of the NYLL.

20. Defendant failed to pay persons similarly situated to Plaintiff for all hours worked and overtime for all hours worked after 40 hours per week as a result of its company-wide practice of automatically deducting for meal breaks.

21. Defendant's failure to pay Plaintiff's wages as set forth above was willful.

22. Defendant did not possess a good-faith belief that its underpayment of wages complied with the provisions of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

24. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named

Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as her own interest in in bringing this action.

25. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendant as non-exempt, hourly-paid medical transportation drivers at any time during the three (3) years prior to the filing of their respective consent forms.

26. Other persons similarly situated to Plaintiff who are currently or were formerly employed by Defendant as medical transportation drivers should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

27. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## **CLASS ACTION ALLEGATIONS**

28. Plaintiff brings claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as medical transportation drivers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

29. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

30. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as medical transportation drivers at any time during the six (6) years prior to the filing of this Complaint.

31. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants improperly made automatic deductions for meal breaks that Plaintiff and Class Members did not receive;

(b) Whether Defendants compensated Plaintiff and Class Members at their regular rate of pay for all hours worked each week;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for all hours worked in excess of forty hours in a single workweek;

(d) Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and Class Members;

(e) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate statements of their hours worked each pay period;

(f) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws;

(g) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

(h) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(i) What is the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

33. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

34. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

35. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

37. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

38. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

39. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**

40.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41.     Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

42.     Because Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

43.     As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NYLL OVERTIME)**

44.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45.     Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the NYLL.

46.     Defendant did not possess a good-faith belief that its underpayment of wages complied with the provisions of the NYLL.

47. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to NYLL § 198(1-a).

**THIRD CLAIM FOR RELIEF**
**(NYLL FAILURE TO PAY WAGES)**

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant failed to pay Plaintiff at the agreed upon rate of pay for all hours worked in each week in violation of the NYLL § 190 *et seq*.

50. Defendant did not possess a good-faith belief that its underpayment of wages complied with the provisions of the NYLL.

51. Defendant is liable to Plaintiff for unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs pursuant to NYLL § 198(1-a).

**FOURTH CLAIM FOR RELIEF**
**(NYLL WAGE STATEMENT VIOLATION)**

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendant failed to provide Plaintiff with accurate wage statements each pay period that set forth the correct number of hours worked and correct overtime rate of pay each week in violation of NYLL § 195(3).

54. Defendant is liable to Plaintiff for statutory damages and reasonable attorney's fees and costs pursuant to NYLL § 198(1-a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages, plus liquidated damages and pre- and post-Judgment interest pursuant to NYLL § 198(1-a);

(iv) Damages pursuant to NYLL § 198(1-a);

(v) Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 18, 2024

ROMERO LAW GROUP PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Elegante Service Inc, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case. [This has been read to me in Spanish.]

_____         02/29/24
Jordan Martinez (Feb 29, 2024 17:52 EST)         _____
Jordan P Martinez                                Date