**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

JORDAN MARTINEZ, et.al., :

Plaintiffs, :

-against- :

ELEGANTE SERVICES, INC., et al. :

Defendants. :

---------------------------------------------------------------x

24-cv-2058 (JPO) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

## I. INTRODUCTION

Defendants, Elegante Services, Inc., Jose Viloria, and Angela Pratts (collectively "Defendants"), move for reconsideration of the Court's November 25, 2025, Opinion and Order (ECF 61, the "Opinion and Order"), granting in part Plaintiffs' (Jordan Martinez, and opt-in Plaintiffs Joel Bautista, Craig Murrell, Rafael Ojeda, Cornelio Mayor, Joel Burgos, and Geovanny Madera Rodriguez (collectively, "Plaintiffs")) motion for conditional certification. For the reasons discussed below, Defendants' motion for reconsideration (ECF 62) is **DENIED**.

## II. BACKGROUND

### A. The underlying motion for conditional collective certification

As this is a motion for reconsideration, the Court assumes familiarity with the underlying factual and procedural background as described in the Opinion and Order. On May 22, 2025, Plaintiffs moved for conditional collective certification pursuant to 29 U.S.C. § 216(b). (ECF 31). In their motion, Plaintiffs sought disclosure of contact information for prospective class action members from March 19, 2018, to present, the allowance of the distribution of proposed

notices and reminder notices, and tolling the statute of limitations from the date of initial conference or from the filing of Plaintiffs' motion for collective certification. (ECF 31 at 1–2).

Plaintiffs showed that they and other employees regularly worked through scheduled meal breaks without compensation to the Defendants' knowledge, thus satisfying their burden for conditional collective certification. (ECF 61 at 7). Defendants' counter argument was unavailing; however, the Court granted Defendants' request to narrow the scope of the proposed collective to non-exempt, hourly paid medical transportation drivers, drivers, or helpers. *Id.* at 8–9. In connection to the notice of pendency, the Court granted: (1) Plaintiffs' request to extend the statute of limitations to the six-year extension under NYLL; (2) Plaintiffs' undisputed 60-day opt-in period; (3) distribution via email and text message, in English and Spanish; and (4) distribution of reminder notices thirty days after the original mailing of notice. *Id.* at 10–13. However, the Court also agreed with the Defendants that the notice must be amended to include contact information for defense counsel and to omit mentions of New York State law. *Id.* at 11. The reminder notices must also be modified to meet the FLSA standard for notification. *Id.* at 14. The parties were ordered to meet and confer to discuss the language of the notice further. *Id.* at 12. Finally, the Court granted Plaintiffs' request for Defendants to provide all employee contact information, excluding their compensation rates. *Id.* at 15.

**B. The motion for reconsideration**

Defendants now move for reconsideration from my Opinion & Order on the basis of narrowing the distribution of the notice to potential opt-in plaintiffs hired before August 1, 2024. (ECF 64 at 3–5). Defendants also request the removal of certain language in the Plaintiffs' proposed FLSA notice alleging deduction of additional time other than meal breaks. *Id.* at 2.

**III. LEGAL STANDARD**

A motion for reconsideration is governed by Local Civil Rule 6.3. Reconsideration is justified when there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice." *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure:* §4478 at 790 (1981). It is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re AXA Equitable Life Ins. Co. COI Litig.*, No. 16-CV-740 (JMF), 2018 WL 3632500, at *2 (S.D.N.Y. July 30, 2018) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). However, it is well-settled that "reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp.2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000). As such, the moving party must "point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, the decision to grant a motion for consideration is left to the "sound discretion of the district court." *Vincent v. Money Store*, No. 03-CV-2876 (JGK), 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (quoting *Nakano v. Jamie Sadock, Inc.*, No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000).

## IV. ANALYSIS

In support of their motion for reconsideration, Defendants contend that the Court's order improperly suggests that the Plaintiff's complaint contained allegations indicating that the Defendants deducted time unrelated to meal breaks, and that the FLSA notice should not be distributed to individuals employed by Defendants on or after August 1, 2024, due to the alleged erroneous calculations of the Plaintiff. (ECF 64 at 2–4). In response, Plaintiffs argue that Defendants' motion is attempting to take a "second bite at the apple", as Defendants' records allegedly reveal that additional time unrelated to meal breaks was deducted, substantiating the notice language at issue. (ECF 67 at 4). In addition, Plaintiff reasons that Defendants' second argument to narrow the notice period subsequently fails, as Defendants do not point to evidence that the conduct ceased as of August 1, 2024. *Id.* at 6.

### A. The dates of the FLSA notice period need not be amended.

The Court rejects Defendants' second argument proposing to reduce the opt-in plaintiff notice period to employees hired before August 1, 2024. (ECF 64 at 3). The objectives of conditional class certification are well-established. *Tay v. New York & Presbyterian Hosp.*, No. 22-CV-8379 (KMK), 2024 WL 4286226 at *4 (S.D.N.Y. Sept. 24, 2024). A FLSA notice encourages both the efficient resolution of issues of law and fact, and the reduction of repetitious lawsuits from similarly situated individuals. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F. 2d 335, 336. In pursuing these objectives, the courts have often upheld the early approval of collective class actions in a proceeding, and "wait[ ] to see what the facts bear out". *See Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998); *Krueger v. New York Tel. Co.*, No. 93 CIV. 0178 (LMM), 1993 WL 276058 at *2

(S.D.N.Y. July 21, 1993). This approach more efficiently provides for the resolution of underlying issues of the case, and importantly, does not prejudice the Defendant, as the issue can be raised again in due course. *Frank v. Capital Cities Communications, Inc*., 88 F.R.D. 674, 678 (S.D.N.Y. 1981); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005).

In this case, Defendants have not sufficiently shown that the narrowing of the notice period is justified. Defendants argue that the evidence on the record demonstrates that the company stopped its deduction of meal break time as of August 1, 2024. (ECF 64 at 3). While Plaintiffs do not dispute this fact, Plaintiffs argue that the evidence on the record fails to show that the practice was also remedied for wage deductions unrelated to meal breaks after August 1, 2024. (ECF 67 at 6). In light of this discrepancy, the Court finds that proceeding with the conditional collective action at this stage best complies with the fundamental goal of reducing the multiplicity of lawsuits and encouraging the effective resolution of the underlying issues.

**B. The proposed language of Plaintiffs' FLSA notice is proper.**

The Court also rejects Defendants' argument that the reconsideration should be granted based on the absence of certain language alleging deduction of time unrelated to meal breaks in the original complaint. (ECF 64 at 2). The claims in a FLSA § 216(b) court-authorized notice to prospective class action members are not required to mirror the claims of the original complaint. Fed. R. Civ. P. 23; *Salomon v. Adderley Indus., Inc.,* 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (affirming that minimal guidance is available as to what a FLSA notice should contain, aside from Federal Rule of Civil Procedure 23). Rule 23(b)(3) of the Federal Rules of Civil Procedure is instructive here. The court must attempt to direct the "best notice that is practicable under the circumstances to class members." Fed. R. Civ. P. 23. The notice must

clearly and concisely state: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3). *Id.* Outside of these outlined requirements, neither the FLSA statute nor the courts have specified the form or contents that a notice must contain. *See Salomon,* 847 F. Supp. 2d at 566; *See also Lee v. ABC Carpet & Home,* No. 00 Civ. 0984(DAB), 2008 WL 2072932, at *1 (S.D.N.Y. May 9, 2008). Furthermore, the Supreme Court has maintained that the contents of a proposed notice under § 216(b) should be left to the discretion of the trial court, who consequently will consider the overarching goals of the provision. *See Lee*, 2008 WL 2072932 at *1; *Hoffmann-La Roche*, 493 U.S. at 170 (deferring to the trial court's discretion in their examination of the terms of the notice). The collective suit provisions were intended to encourage judicial efficiency, and to provide plaintiffs with the means to cost-effectively pool together their resources to achieve a resolution. *Hoffmann-La Roche*, 493 U.S. at 170.

In any event, Defendants do not present any clear error, new evidence, or controlling case law that the Court overlooked that would have altered the Court's prior decision, and Defendants' argument is devoid of case law showing that Plaintiff's complaint must replicate the proposed FLSA notice. Moreover, Defendants first made this argument in Defendant's opposition for conditional collective certification. (ECF 46 at 26–27). For a second time, Defendants bring forth this argument, point to the same complaint, and do not provide the

Court with any new controlling law, evidence or clear error. This Court has already addressed this argument in its November order and will not do so once more. (ECF 61 at 12).

## V. CONCLUSION

Accordingly, reconsideration (ECF 62) is **DENIED**, and the notice can be sent as granted in ECF 61. Plaintiffs have until **August 4, 2026** to submit their notice. If they have not done so already, by **August 18, 2026** Defendants shall produce to Plaintiffs the contact and employment information for all medical transportation drivers, drivers, and helpers employed by Defendants since March 19, 2018.

The Clerk of Court is respectfully directed to close ECF 62.

**SO ORDERED.**

Respectfully submitted,

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: July 21, 2026
New York, New York